

**DLA Piper** LLP (US)
1251 Avenue of the Americas, 27th Floor
New York, New York 10020-1104
www.dlapiper.com

Kevin Walsh
kevin.walsh@dlapiper.com
**T** 212.335.4571
**F** 212.884.8463

August 5, 2015

**BY ECF**

Catherine O'Hagan Wolfe, Clerk of Court
United States Court of Appeals
for the Second Circuit
40 Foley Square
New York, NY 10007

Re: *Jesner et al. v. Arab Bank, plc*, No. 13-3605 (Cons.) (response to Appellants' citation of new authority in their Rule 28(j) reply letter) (oral argument held on December 2, 2014 before Judges Sack, Chin, and Carney)

Dear Ms. Wolfe:

Appellee Arab Bank submits this response to the Appellants' citation of new authority, *Linde v. Arab Bank, PLC*, No. 04-CV-2799, 2015 U.S. Dist. LEXIS 45903 (E.D.N.Y. Apr. 8, 2015) ("*Linde*"), in their August 3, 2015 letter.

Appellants cite *Linde,* at *138-51, for the incorrect proposition that the jury that presided over the liability phase of a bifurcated trial concerning claims brought under the Anti-Terrorism Act ("ATA") found the Bank liable for "'intentional misconduct,' and not 'routine' and 'automated' conduct." This jury verdict, which will be appealed, reflected no such finding and is irrelevant here, as the proof required of an ATA claim is entirely different from that applicable to ATS claims.

As an initial matter, nothing in *Linde* changes the fact that ATS plaintiffs may not assert claims against corporations (Br. 14-29) or sue for injuries caused by alleged acts of terrorism (*id.* 38-42). Moreover, the *Linde* court instructed the jury that it could find the Bank liable for acting *knowingly* (or for having "*deliberately closed its eyes*"), *without* any proof that it acted with an intention to cause injury. *Linde,* at *139-42. ATS plaintiffs, by comparison, must plausibly allege that a defendant acted *within the U.S.* with the *purpose* of aiding and abetting an international law violation (Bank 28(j) Ltrs. (ECF Nos. 166 & 176) (citing *Mastafa*)). The *Linde* court also relieved plaintiffs of their burden to prove factual causation. *Linde*, at *115-30. By contrast, this Circuit has held that factual causation is an essential element of both ATA and ATS claims (Br. 49-51).



While the ATA expressly applies extraterritorially, the presumption against extraterritoriality that applies to the ATS can only be displaced by factors that "touch and concern" the U.S. (Bank Br. 29-37). Only the conduct of the Bank's New York branch is relevant to the jurisdictional question here (Br. 29-37), and Appellants cannot plausibly allege that the split-second, automated clearing of fund transfers from accounts overseas to accounts overseas after screening against terrorist lists constitutes the purposeful aiding and abetting of genocide or crimes against humanity. No such assessment of domestic contacts is required under the ATA.

Sincerely,

s/ Kevin Walsh

cc: Appellants' counsel



**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that, on August 5, 2015, the foregoing Rule 28(j) response letter of Defendant-Appellee Arab Bank plc was served by CM/ECF and e-mail on the following counsel of record:

Michael E. Elsner, Esq.
John M. Eubanks, Esq.
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mount Pleasant, SC 29464
Phone: (843) 216-9000
Fax: (843) 216-9450

Mark Werbner, Esq.
Joel Israel, Esq.
SAYLES WERBNER, PC
1201 Elm Street
44th Floor
Dallas, TX 75270
Phone: (214) 939-8700

Allan Gerson, Esq.
AG INTERNATIONAL LAW, PLLC
2131 S Street, NW
Washington, DC 20008
Phone: (202) 234-9717

Gavriel Mairone, Esq.
MM~LAW LLC
980 Michigan Avenue, Suite 1400
Chicago, IL 60611
Phone: (312) 253-7444

Case 13-3605, Document 192, 08/05/2015, 1569819, Page4 of 4

Ms. Catherine O'Hagan, Clerk of Court
August 5, 2015
Page Four

Jonathan David, Esq.
THE DAVID LAW FIRM, P.C.
2202 Timberloch Place, #200
The Woodlands, TX 77380

New York, NY
Dated: August 5, 2015

Respectfully submitted,

s/ Douglas W. Mateyaschuk, II
One of the Attorneys for Defendant-Appellee Arab Bank plc